**Schulte Roth & Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _September 20, 2021_____

Robert J. Ward
212.756.2166

Writer's E-mail Address
Robert.Ward@srz.com

September 17, 2021

**BY ECF**

MEMO ENDORSED

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *DST Systems, Inc., et al. v. Ruane, Cunniff & Goldfarb Inc., et al.,*
          1:20-cv-09472-ALC

Dear Judge Carter:

      We represent all of the defendants in the above-referenced action except Robert D. Goldfarb (collectively, the "RCG Defendants"). Pursuant to Your Honor's Individual Practices, we write to respectfully request permission to file certain exhibits to the RCG Defendants' letter request for a pre-motion conference (the "Request") under seal and to maintain under seal certain redacted portions of the Request.

      The Request includes references to the settlement agreement between Ruane, Cunniff & Goldfarb Inc. ("RCG") and the AAA Arbitration[1] claimants, which is subject to a confidentiality provision that prohibits the RCG Defendants from publicly disclosing the contents of the agreement. In addition, attached to the Request as Exhibits A and B are two awards entered by arbitrators in the AAA Arbitrations. As the applicable arbitration agreements require arbitrations brought thereunder to be confidential, the RCG Defendants request that Exhibits A and B be filed under seal in order to protect the confidentiality interests of the parties to the arbitrations in the contents of the arbitration awards.

      Although a presumption of public access applies to judicial documents, *i.e.*, documents relevant to the performance of the judicial function and useful in the judicial process, the weight of the presumption is "governed by the role of the material at issue" and the resulting value of such information to the public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Courts must also balance against the weight of the presumption any countervailing factors, such as "the privacy interests of those

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in the Request.

The Honorable Andrew L. Carter, Jr.
September 17, 2021
Page 2

resisting disclosure"—including "the degree to which the subject matter is traditionally considered private rather than public"—and the "nature and degree of injury" resulting from disclosure. *See Lugosch*, 435 F.3d at 120; *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).  The RCG Defendants respectfully submit that these factors weigh in favor of granting the RCG Defendants' motion to seal.

                                    Respectfully Submitted,


                                    /s/ Robert J. Ward

                                    Robert J. Ward

cc:    All Counsel of Record (*via ECF*)

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

September 20, 2021